**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America,         )<br>                                   )<br>            Plaintiff,             )<br>                                   )<br>     vs.                           )<br>                                   )<br>Murr Eyring,                       )<br>                                   )<br>            Defendant.             )<br>_____) | No. CR 95-419-PHX-RCB<br><br>O R D E R |

    On December 4, 1995, Defendant Murr Eyring plead guilty to one count of False Statements and Entries, in violation of 18 U.S.C. § 1001. Min. Entry (doc. 3). Eyring was sentenced by this Court on September 30, 1996. (doc. 18).

    On October 14, 2005, Eyring filed a motion entitled "Motion for Right to Bear Arms." Mot. (doc. 32). In his motion, Eyring argues that it has been over five years since he was discharged from U.S. Probation and over nine years since the judgment was ordered against him. Id. at 1-2. In light of this passage of time, and the fact that the Superior Court of Arizona in Maricopa County restored his civil rights two years ago, Eyring requests

1  that this Court restore his "right to possess and own a firearm for
2  any and all lawful purposes."  Id. at 2.  The Government did not
3  respond to Eyring's motion.
4       The Second Amendment of the United States Constitution
5  establishes that the "right of the people to keep and bear Arms,
6  shall not be infringed."  This constitutional guarantee "is a
7  limitation only upon the power of congress and the national
8  government, and not upon that of the States."  Presser v. Illinois,
9  116 U.S. 252, 265 (1886).  The Ninth Circuit has held that the
10 Second Amendment is a right held by the states and does not protect
11 the possession of a weapon by a private citizen.  Hickman v. Block,
12 81 F.3d 98, 100-01 (9th Cir. 1996).
13      Under federal law, it is a crime for any person to possess a
14 firearm after having been "convicted in any court of, a crime
15 punishable by imprisonment for a term exceeding one year."  18
16 U.S.C. § 922(g)(1).  A conviction does not count for § 922(g)(1)
17 purposes if the defendant has had his civil rights restored, unless
18 the restoration expressly restricts the defendant's firearm rights.
19 See U.S. v. Nix, 438 F.3d 1284, 1285 (11th Cir. 2006).  In his
20 motion, Eyring fails to provide the Court with citations to any
21 legal authority that grants this Court the power to restore such
22 rights.  Upon its own review of relevant case law and statutes, the
23 Court concludes that it lacks such authority.
24      Under Arizona law, a convicted felon may have his civil rights
25 automatically restored.  A.R.S. § 13-912 (A).  However, this law
26 does not automatically restore a person's right to possess weapons,
27 "unless the person applies to a court pursuant to section 13-905 or
28 13-906."  A.R.S. § 13-912 (B); see also A.R.S. §§ 13-905 and 13-

906.  Thus, upon application, the State of Arizona may restore Eyring's right to bear arms, however this Court has no authority to do so.

Therefore,

IT IS ORDERED that Eyring's Motion for Right to Bear Arms (doc. 32) is DENIED.

DATED this 24th day of August, 2006.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record.